

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Harry J. Schulz
County Attorney
Live Oak County
George West, Texas

Dear Sir:

Opinion No. O-1611
Re: Is it necessary that over-weight
and over-size motor vehicles be
registered and licensed under ar-
ticle 6675a-2, Vernon's Annotated
Revised Civil Statutes, in a case
where the Highway Department has
granted a special permit for the
movement of such vehicles as pro-
vided in Section 2, Chapter 282,
Acts of the Forty-second Legisla-
ture?

Your letter addressed to the Attorney General wherein
you requested an opinion of this department on the question as
substantially stated above has been received and given very
careful consideration. In order that the particular question
submitted by you may be made evidence in this opinion, we
herewith copy so much of your letter as is pertinent, to-wit:

"A is the owner of two old Army Mack trucks.
On one of them he has built a portable, collaps-
able metal tower to be used in building con-
struction work. The tower and all equipment
thereon is welded thereon and cannot be readily
dismantled. On the other he has built and
erected a metal concrete mixer which is welded
to the vehicle supported by guides and braces.
This vehicle is also to be used in building
construction work. Both vehicles are moved upon
the public highways by their own motor power.

"Both of the vehicles the way they are
equipped are more than 96 inches in width. They
are also over-length, over-height and over-
weight as set out in Art. 827a, Penal Code. The
vehicles themselves without the equipment there-
on are not more than 96 inches wide. In fact as
you may know, these old Army Mack trucks are

about the same size of some present trucks so
far as width is concerned.

"Neither of these vehicles have any registra-
tion license plates as is required by Art. 6675a-2,
Vernon's Civil Statutes, and Art. 807b, Sec. 5,
Penal Code.  A, the owner of the trucks, applied to
and received from the State Highway Department
permits to move said trucks as equipped from San
Antonio to Brownsville through Live Oak County,
the permits being issued under Art. 6701a, Ver-
non's Civil Statutes, in spite of the fact that
the trucks have no registration license plates.

"A says that the tax collector of Bexar County,
the county of his residence, refuses to issue him
license plates for said vehicles because of Art.
6675a-8b, Vernon's Civil Statutes, which stipu-
lates that no motor vehicle shall be registered
and licensed which has a total outside width, in-
cluding any load thereon, of more than ninety-
six inches, A having applied for such license
plates after he built such equipment on the trucks
and after the State Highway Department had issued
him permits under Art. 6701a.

"The county highway patrolman arrested the
drivers of these trucks in Live Oak County for
operating commercial motor vehicles on a public
highway therein without registration license
plates.  The arrests were made under valid warrants
of arrest issued prior to such arrests by a jus-
tice of the peace of Live Oak County upon com-
plaints filed with such justice before such war-
rants of arrests were issued, the county highway
patrolman and justice acting under my advice.
The drivers were taken immediately before the
justice, had the amounts of their bonds fixed,
and a date agreeable to such drivers was set for
trial, the drivers pleading not guilty.  The
trucks were not seized nor interferred with in
any way except, of course the drivers had been
arrested.  The drivers were told that if they
again attempted to operate such trucks without
licenses they would again be arrested on a sim-
ilar charge.  At all times the trucks were free
to be moved, except the drivers and A were told
that any movement of the trucks or operation
thereon would result in an arrest of the drivers
in such movement or operation was in violation

of the Penal Code.

"The questions I wish to ask you are these:
Does the illegal width of these trucks and the
issuance of the permits by the State Highway De-
partment excuse these trucks from the provisions
of Art. 807b, Sec. 5, Penal Code, and Art. 6675a-2,
which require commercial motor vehicles such as
these to be licensed?  In other words, are the
drivers of these trucks guilty of operating com-
mercial motor vehicles without license plates.
It is my contention that the drivers are guilty
of such offense and that the trucks must be
licensed or kept off the highways until they are
remodeled or reconstructed so that they can be
licensed, and that the inability of A to get
these trucks licensed under the present facts
is no defense to the criminal prosecutions."

We have given particular attention to the various
statutes and acts mentioned in your letter, from which it ap-
pears that the only question to be determined is as to whether
or not the owner of the Army Mack trucks has violated the
criminal law of the state by operating the same under the
special permit granted to him by the Highway Department.

Article 807b, Vernon's Annotated Penal Code, is a codi-
fication of Section 2, Chapter 282, Acts of the Forty-second
Legislature, which provides in part as follows:

"Section 2.  It shall be unlawful and con-
stitute a misdemeanor for any person to drive,
operate or move, or for the owner to cause or
permit to be driven, operated, or moved on any
highway, any vehicle or vehicles of a size or
weight exceeding the limitations stated in this
act or any vehicle or vehicles  which are not
constructed or equipped as required in this act,
or to transport thereon any load or loads exceed-
ing the dimensions or weight prescribed in this
act; provided the Department, acting directly or
through its agent or agents designated in each
county shall have and is hereby granted authority
to grant permits limited to periods of ninety
(90) days or less for the transportation over
State highways of such overweight or oversize
or overlength commodities as cannot be reason-
ably dismantled or for the operation over State
highways of super-heavy and oversize equipment
for the transportation of such oversize or over-

weight or overlength commodities as cannot be reasonably dismantled; provided, that any haul or hauls made under such permits shall be made by the shortest practicable route; . . . . . . . ."

We note from the brief submitted by you, which we have also carefully considered, and for which we thank you, that it is your contention that Article 6701a, Vernon's Annotated Texas Civil Statutes, applies only to those motor vehicles that have already been, or can be licensed under the provisions of the registration laws; and that the permit from the State Highway Department did not excuse the owner of these trucks from registering the same and obtaining license plates as provided in Article 6675a of the same statutes. In other words, it is your contention that the owner of these trucks is subject to prosecution under the provisions of the law as shown in Article 807b of Vernon's Annotated Penal Code.

We disagree with your conclusion as to the application to be given to these various statutory provisions with respect to the fact situation stated in your letter. On the contrary, this department is of the opinion that the owner of these trucks did not violate any penal law of this state while operating such trucks under the conditions stated in your letter.

The provisions of the above Article 6701a and the substantial provisions of Section 2, Chapter 282, Acts of the Forty-second Legislature, were first enacted as Chapter 41 of the Acts of the Forty-first Legislature, Second Called Session. This law in substance provides that when any person, firm or corporation shall desire to operate over a state highway superheavy or oversize equipment for the transportation of such commodities as cannot be reasonably dismantled, and where the gross weight or size exceeds the limit allowed by law to be transported over a state highway, the State Highway Department may upon application, issue a permit for the movement of such equipment upon some designated highway when the department is of the opinion that this may be done without material damage to the highway.

Section 3 of said act provides in substance that before the issuance of any such permit the applicant for the same shall file with the State Highway Department a bond in an amount to be set and approved by the department, payable to the department, and conditioned that the applicant will pay to said department any damage that might be sustained to the highways by virtue of the operation of the equipment, and shall accompany the application with a fee of $5.00 payable to the Highway Department to be deposited in the Treasury of the State of Texas to the credit of the Highway Maintenance Fund.

Section 4 of said Act provides in substance that such permit, when issued, shall show:  (a)  The name of the applicant, (b)  the date of the application, (c)  signature of the State Highway Engineer or Division Engineer, (d)  the kind of equipment to be transported over the highway, together with the weight and dimensions of the same, and that it shall state the highways and distance over which the same is to be transported.

Section 5 of said act is as follows:

"Sec. 5.  The fact that the conditions often require the transportation of heavy and large commodities over some highways creates an emergency and imperative public necessity and that the constitutional rule requiring bills to be read on three several days be suspended, and the same is hereby suspended, and that this Act take effect and be in force from and after its passage, and it is so enacted."

Inasmuch as you state that the owner of the trucks in question was in possession of a permit issued by the State Highway Department, which authorized him to move said trucks over the specified route or highway, it is to be presumed that the department did its duty and followed the law in issuing said permit.

It is thought, also, that the registration and licensing law respecting motor vehicles, as shown by the various sections of Article 6675a 1 - 8b aforesaid, has no direct application. According to the plain provisions of this article, these trucks, equipped as they are shown to be, were not subject to registration , in that they could not be registered because they were oversize and overweight.  Consequently, if they can be moved upon any highway of this state, it must be by virtue of the special permit granted to the owner by the Highway Department; for if the trucks were subject to be registered, there could have been no occasion or excuse for the issuance of the special permit by that department.

It is to be noted that the fees to be charged and the licenses provided for by virtue of Article 6675a 1-8b, Vernon's Annotated Texas Civil Statutes, are predicated upon an annual basis; that is, the owner of a vehicle which has been registered under such law is given a license or privilege to operate his motor vehicle upon any highway of the state, unless otherwise specifically designated, at any and all times during the year for which the license is issued.  No such right is conferred upon the holder of a special permit granted in the terms

of law by the Highway Department.  The very words of the
statute which authorizes  the issuance of such permit, dispel
any such idea.  But the law out of constitutional regard for
the use of one's property in such way as not to work a con-
fiscation of the same, authorizes the Highway Department to
permit the movement of such motor vehicles as the trucks in
question for a limited time, and over specially designated
routes and under rigid police regulations.

It is believed that the language of the Circuit Court
of Appeals in the case of Sproles vs. Binford, 52 F. (2d)
730, 736, in its discussion of this "permit", is specially
applicable.  That court, after quoting Section 2, Chapter 282,
Acts of the Forty-second Legislature (Article 807b, Section
5, Vernon's Penal Code) said, at page 736:

> "The plain purpose is to permit and make provi-
> sion for the transportation over the highways of
> these commodities, extraordinary in length, weight
> or size which (and the equipment upon which they
> are handled) cannot be reasonably dismantled, and
> which are not everyday, but are unusual, loads,
> and which, but for this or some similar provision,
> could not pass over the highways at all.  The au-
> thority given by this section to the highway de-
> partment and its agents in each county is not to
> suspend the laws, as was the power conferred, or
> attempted to be conferred, upon the highway depart-
> ment in Ex parte Faison, 93 Tex. Cr. R. 403, 248
> S. W. 343, but is of a fact-finding and administra-
> tive nature.  Trimmier v. Carlton, 116 Tex. 591,
> 296 S. W. 1070, and cases there cited.  Texas Jur-
> isprudence, vol. 9, section 70, and cases cited in
> footnotes.  Ruling Case Law, vol. 6, Sections 175
> and 179."    (Italics ours)

The same Legislature that enacted Senate Bill No. 10,
Chapter 41, Second Called Session of the Forty-first Legisla-
ture, which is the act providing for permits to operate over-
size and overweight equipment upon the limitations discussed,
also enacted House Bill No. 6, which is Chapter 88 of the
Acts of said Legislature, and which, among other things, pro-
vided for the registration and licensing of motor vehicles.
This later act expressly repealed a number of statutes and
prior acts of the Legislature, and provided generally that
all of the laws in conflict therewith were repealed; but
Chapter 41 was not mentioned among the statutes and acts that
were expressly repealed.

It is the conclusion of this department that these two

acts of the same Legislature do not necessarily conflict and are not repugnant the one to the other, when construed as this department has construed them, in that the first enactment must be construed as a limitation or exception to the provisions of the later act. This conclusion is in record with well established principles of law. In 39 Texas Jurisprudence, page 146, it is said:

"The Legislature is supposed to be governed by one spirit and policy during a session, and nothing short of a direct repeal in express terms, or such irreconcilable repugnancy as that both acts cannot stand together, will justify a court in holding an act is repealed by another act passed at the same session . . . . . . . .

"A liberal construction is permissible for the purpose of sustaining an act as against an implication of its repeal by another act passed at the same session. The two acts will be construed together, regarded as one statute, and if possible they will be so construed that both may stand as one embodiment of the legislative will. For this purpose, the former act may be regarded as an exception to the provisions of the later."

Numerous cases are cited in the footnotes. See especially Cain vs. Texas, 20 Tex. 355; Gillam vs. Matthews, 122 S.W. (2d) 348.

It is therefore the opinion of the Attorney General that the answer to your question must be that the issuance of the permit by the Highway Department was legal authority for the owner of these trucks to operate or move the same over that highway, particularly designated by the Highway Department in its permit, and in the manner as therein specifically set out by the department.

Yours very truly
ATTORNEY GENERAL OF TEXAS

WFM:FG:wc

By s/W. F. Moore
W. F. Moore
First Assistant

APPROVED FEB 24, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

This Opinion Considered And Approved In Limited Conference